**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LORRAINE DAVIS LEWIS,**

                    **Plaintiff,**

**v.**                                                                    **Civ.  No. 05-733 JH/RLP**

**DOWNS AT ALBUQUERQUE, INC.,**

                    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Plaintiff's Motion to Remand* [Doc. No. 11] and *Defendant's Motion to Dismiss* [Doc. No. 2].  Because the motion to remand was untimely, it will be denied.  The primary issue raised by the motion to dismiss is whether Plaintiff's complaint is barred by the doctrines of res judicata and collateral estoppel.  Because the Court finds that the complaint is indeed barred by res judicata, the motion to dismiss will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is an employment discrimination case that is closely related to a prior proceeding in this Court involving the same parties, the same factual allegations, and similar legal claims.

**Prior Proceeding**

In her December 10, 2002 complaint filed in *Lorraine Davis Lewis v. Downs at Albuquerque, Inc.*, Civ. No. 02-1550 JH/RHS, Plaintiff Lorraine Lewis ("Lewis"), who is Hispanic, alleged that she had been employed as a security guard for Defendant Downs at Santa Fe ("Downs").  She also alleged that on October 27, 2001, she was on duty and was falsely accused of leaving her post.  In that case, Lewis set forth two causes of action: race discrimination in violation of Title VII of the Civil Rights Act of 1964, and spoliation of evidence (based upon the alleged destruction of a

videotape documenting the events in question).  In a Memorandum Opinion and Order entered March 4, 2005, this Court granted Downs' motion for summary judgment on both claims.  With regard to the discrimination claim, the Court found that Lewis failed to file her complaint in a timely fashion after receiving her "right to sue" letter from the EEOC.  As for the spoliation claim, there was uncontroverted evidence in the record that the videotapes in question had not been destroyed, mutilated, or significantly altered as required for a claim of spoliation, and therefore no genuine issue of material fact remained for trial.  Accordingly, on March 4, 2005, the Court entered final judgment in favor of Downs.[1]

### **Current Litigation**

On August 6, 2004, Lewis filed a second complaint in the Second Judicial District Court, Bernalillo County, New Mexico.  In that complaint, *Lorraine Davis Lewis v. Downs at Albuquerque, Inc.*, No. CV-2004-05079, Lewis makes factual allegations virtually identical to those in her prior federal court complaint.  However, Lewis' sole legal claim in her second complaint is that in terminating her employment, Downs discriminated against her on the basis of race in violation of 42 U.S.C. § 1981.  The case was assigned to District Judge Valerie Mackie Huling, who on February 28, 2005, entered an order dismissing the case for failure to prosecute.  It appears that as of that date, Lewis still had not served her complaint on Downs.  Lewis filed a motion to reinstate her complaint.  At a hearing held on May 9, 2005, counsel for Downs appeared and argued against reinstatement.[2]

---

[1] On April 4, 2005, Lewis filed her Notice of Appeal of this Court's ruling.  However, on January 20, 2006, the Tenth Circuit Court of Appeals dismissed Lewis' appeal for lack of prosecution.

[2] At the very brief hearing, counsel for Downs stated that he was making a "special appearance" and argued that Lewis had made no attempts to serve Downs' registered agent for service of process, Shannon Robinson, an assertion that Lewis disputed.  Although counsel for

However, Judge Huling granted Lewis' motion. On June 2, 2005, Lewis served Downs with the Complaint.  On July 1, 2005, Downs removed the case to this Court, where it is currently pending.

## DISCUSSION

## I.    PLAINTIFF'S MOTION TO REMAND

On July 1, 2005, Downs filed its Notice of Removal.  On August 4, 2005, Lewis filed her motion to remand the case back to state district court.  As grounds for her motion, Lewis argues that Downs' removal was untimely and therefore improper.  As Lewis correctly notes, "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ..."  28 U.S.C. 1446(b). Lewis argues that Downs' appearance at the May 9, 2005, hearing on her motion to reinstate constituted both a "general appearance" under New Mexico law and a request for affirmative relief from the state court such that the 30-day removal period began to run on that date, not on June 2, 2005, the date she served Downs with her complaint. Thus, Lewis alleges that this alleged defect in removal procedure—an untimely notice of removal—requires that the case be remanded to state district court.  Although Lewis' argument has some intuitive appeal, the Court does not reach the merits because Lewis' motion to remand was itself untimely, and therefore her objections to the removal have been waived.

Under 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other

---

Downs did not specifically state that the Court lacked personal jurisdiction over Downs, he did argue that Lewis had not effected service.  The transcript of the hearing does not indicate that Downs argued the merits of its collateral estoppel affirmative defense or that it asked that the case be dismissed; rather, Downs argued against reinstatement.  *See* Ex. B to Downs' Response to Motion to Remand.

than lack of subject matter jurisdiction[3] must be made within 30 days after the filing of the notice of removal ...” *See also Phoenix Global Ventures, LLC v. Phoenix Hotel Assoc., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (“Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal. This deadline is plainly mandatory.”) (internal citation omitted). In this case, Downs filed its Notice of Removal on July 1, 2005, and therefore Lewis’ motion to remand was due no later than August 1, 2005. She did not file it until August 4, 2005.

Federal courts have strictly construed the 30-day limit applicable to motions to remand. *See In re Shell Oil Co.*, 932 F.2d 1523, 1527-29 (5th Cir. 1991); *Air Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir. 1989). For example, the thirty-day period will not be extended for an additional three days under Fed. R. Civ. P. 6(e) even if the defendant mails the notice of removal to the plaintiff because under the express language of Section 1447(c), the period begins to run as of the date of *filing*, not the date of service. *See, e.g., Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995); *Delew v. Las Vegas Metropolitan Police Dept.*, 108 F. Supp. 2d 1146, 1148 (D. Nev. 2000); *Lewis v. Certainteed Corp.*, 870 F. Supp. 130, 131-32 (W.D. La. 1994); *Graef v. Chemical Leaman Tank Lines*, 860 F. Supp. 1170, 1175 n.7 (E.D. Tex. 1994). Rather, a plaintiff’s failure to object to a procedural defect in removal within 30 days constitutes waiver of the right to object. *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047 (1998) (“[S]ection [1447(c)] differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the

---

[3] Here, there is no dispute that this Court has subject matter over Lewis’ complaint, which arises under federal civil rights laws. *See* 42 U.S.C. § 1981, 28 U.S.C. § 1331. Rather, the issue is whether a procedural defect in the removal—untimeliness—calls for remand to state court.

removal took place after relevant time limits had expired.  For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice."); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 n. 3 (9th Cir. 1998); *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991).

In this case, Lewis filed her motion to remand based on a procedural defect in removal 34 days after Downs filed its Notice of Removal.  Lewis' failure to move for remand within the 30 days prescribed by 28 U.S.C. § 1447(c) constitutes waiver of her right to object.  As such, the motion to remand is untimely and will be denied.

## II.   DEFENDANT'S MOTION TO DISMISS

Having found that this case should not be remanded to state district court, the Court now addresses the merits of Downs' motion to dismiss.

### A.   Lewis' Failure to Respond

Downs filed its motion to dismiss on July 11, 2005.  Lewis did not file or serve a response to the motion. Rule 7.1(b) of the Local Civil Rules of the District of New Mexico provides that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Accordingly, in its "Notice of Completion of Briefing," Downs argues that based upon Lewis' failure to respond, her complaint should be dismissed with prejudice.

Within the Tenth Circuit, a district court must analyze three factors before dismissing a petition for failure to comply with a local rule. *Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998).  In ruling, the district court must consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant."

*Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988).   "[O]nly when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Id.*

In this case, Downs has made no effort to demonstrate that these factors have been satisfied. Instead, Downs merely argues in conclusory fashion that due to Lewis' failure to respond to the motion, her complaint should be dismissed.   Furthermore, the record contains no evidence that Downs has suffered significant prejudice nor that the judicial process has suffered any meaningful interference as a result of Lewis' failure to respond to the motion to dismiss.   Finally, it is difficult to ascertain based on the record currently before the Court the degree of culpability attributable to Lewis (as opposed to her counsel or to circumstances beyond her control).   Accordingly, the Court will not grant Downs' motion to dismiss based solely upon the lack of response from Lewis.

**B.**     **Res Judicata and Collateral Estoppel**

Downs also argues that Lewis' claim for race discrimination in violation of 42 U.S.C. § 1981 is barred by the doctrines of res judicata and collateral estoppel.

Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action. *Wolford v. Lasater*, 1999-NMCA-024, ¶ 5, 126 N.M. 614.   It applies where there is "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) [the] same cause of action, and (4) [the] same subject matter." *City of Las Vegas v. Oman*, 110 N.M. 425, 432, 796 P.2d 1121, 1128 (Ct. App. 1990).   *Accord Wolford*, 1999-NMCA-024 at ¶ 5; *Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 6, 122 N.M. 326.   Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim. *Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984). The doctrine bars not

only claims that were raised in the prior proceeding, but also claims that could have been raised. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct. App. 1995). As the party seeking to bar Lewis' claim, Downs bears the burden of proving that each element of res judicata has been satisfied. *See Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 5, 122 N.M. 326.

A review of the complaints in the two cases demonstrates that the identities and capacities of the parties are the same in both lawsuits, and that the subject matter of both cases—the termination of Lewis' employment as a result of alleged race discrimination—is identical. The only issue that remains is whether the third prong of the test has been satisfied. The Court concludes that under New Mexico law, the causes of action are the same. Despite the fact that Lewis seeks to recover under different statutes (Title VII and Section 1981), the wrong or injury for which Lewis seeks to recover, as well as the supporting facts underlying the two claims, are identical. In *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, 134 N.M. 77, the plaintiffs sued the defendant distributor regarding its alleged misrepresentations regarding a gas valve that had caused a propane explosion in which plaintiffs were injured. In that case, plaintiffs sought to recover under the common law of misrepresentation and under the New Mexico Unfair Practices Act. *Id*. at ¶ 77. However, in an earlier case the plaintiffs had sued the defendant under negligence and strict liability theories. *Id*. In finding that the claims were the same and that the elements of res judicata were satisfied, the court observed:

> New Mexico has adopted the "transactional analysis" under the Restatement (Second) of Judgments Sections 24 and 25 (1982) (hereinafter Restatement) to determine what constitutes a cause of action for res judicata purposes. Under that analysis, res judicata precludes relitigation of any claim that arises out of all or any part of the transaction, or a series of connected transactions, out of which the action arose. What ... constitutes a 'transaction'... [is] determined

> pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.  Under this approach, a mere change in a legal theory does not create a new cause of action.  This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.   Rather, the transactional test requires us ... to examine the operative facts underlying the claims made in the two lawsuits.   To determine whether these facts form a convenient trial unit, we examine the overlap of the witnesses and evidence relevant to the claims in the two lawsuits.

*Id*. at ¶ 78 (internal citations and quotations omitted).  Because the court found that the operative facts plaintiffs relied upon to prove negligence and strict products liability in the first lawsuit were essentially the same as those that they would use to prove misrepresentation and a violation of the Unfair Practices Act, the elements of res judicata were satisfied.  *Id*. at ¶¶ 79-80.

That is precisely the situation presented in this case.  It is obvious that Lewis would present the same facts to support her claim for race discrimination under Section 1981 that she would have advanced in support of her Title VII race discrimination claim in the prior lawsuit, because both are part of the same transaction.  This case is very similar to *Strickland v. City of Albuquerque*, 130 F.3d 1408 (10th Cir. 1997).  In *Strickland*, the plaintiff had filed a prior lawsuit against his employer in which he challenged his termination under the city's merit system ordinance, alleging that the drug testing and disciplinary procedures that led to his termination were faulty.  *Id*. at 1411.  In a later federal lawsuit, plaintiff challenged the same drug testing procedures on Fourth and Fourteenth Amendment grounds.  *Id*. at 1410.  The Tenth Circuit found the federal claims to be barred under New Mexico's interpretation of res judicata, reasoning "In terms of time, space, and origin, these

8

allegations are almost identical to those underlying plaintiff's § 1983 claims. There is a substantial, if not complete, overlap in terms of the witnesses and proof relevant to both actions." *Id*. at 1412. The reasoning applied by the Tenth Circuit in *Strickland* is equally applicable here.

That Lewis is utilizing a different federal statute in this case than she did in the prior case is of no moment. In the prior case, Lewis could have filed a motion to amend her complaint to add the claim under Section 1981. However, she failed to do so. As the New Mexico Court of Appeals observed in *Apodaca*, "res judicata applies not only where a claim was actually litigated in the first action but also where it could have been litigated. When a plaintiff fails to take advantage of this opportunity in a timely fashion, however, the claim is forever barred." *Apodaca*, 2003-NMCA-085 at ¶ 82 (internal citations omitted). Thus, the Court concludes that Lewis' claims in this case are barred by doctrine of res judicata and should be dismissed with prejudice.

Downs also argues that the doctrine of issue preclusion, or collateral estoppel, bars Lewis' claims. Having found that Lewis' claims are barred by res judicata, the Court need not determine whether they are also barred by collateral estoppel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that *Plaintiff's Motion to Remand* [Doc. No. 11] is **DENIED**, *Defendant's Motion to Dismiss* [Doc. No. 2] is **GRANTED**, and this cause is **DISMISSED WITH PREJUDICE**.

**UNITED STATES DISTRICT COURT**